UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEONEL CALDERON, EDGAR LADINO, and         :   Case No. 17-CV-6154
VALENTIN MELENDEZ, on behalf of themselves and  :   (HBP)
others similarly situated,                 :
                                           :
                    Plaintiffs,            :
                                           :
    -against-                              :
                                           :
CJS WHOLESALERS INC. d/b/a AJS WHOLESALERS/ :
MANDEL TOBACCO, CHEON PARK, and            :
HYUN HAM,                                  :
                                           :
                    Defendants.            :
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This is a Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), entered into by and between Leonel Calderon, Edgar Ladino, and Valentin Melendez (hereinafter referred to as "Plaintiffs" or "Releasors"), and CJS Wholesalers Inc., and each of its parent companies and any of its subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Cheon Park, and Hyun Ham, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees") (collectively, the "Parties").

WHEREAS, on August 15, 2017, Plaintiffs filed suit for damages titled *Leonel Calderon, Edgar Ladino, and Valentin Melendez, on behalf of themselves and others similarly situated, v. CJS Wholesalers Inc., et al.,* in the United States District Court for the Southern District of New York, Civil Action No. 17-CV-6154 (HBP) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

1

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to resolve fully all matters of dispute or potential dispute between them, including but not limited to Plaintiffs' claims in the Complaint, without the time, uncertainty, and expense of further litigation;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

A. **Consideration**

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of Sixty Thousand Dollars ($60,000.00) (the "Settlement Sum"), of which one-third (33.33%) shall be payable to Plaintiffs' counsel as attorneys' fees. The Settlement Sum shall be paid in sixteen (16) equal and consecutive monthly installments of $3,750.00 thirty (30) days apart commencing within ten (10) days of the Court's approval of this Agreement as fair and reasonable, and dismissal of the Complaint with prejudice.

2. The Settlement Sum shall be paid to Plaintiffs in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory damages, statutory damages, injunctive relief, attorneys' fees, expenses and costs. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708

Third Avenue, 6th Floor, New York, New York 10017, so as to be <u>received</u> no later than the dates indicated above.

    3.  The Settlement Sum shall be paid by the Defendants to Plaintiffs without any deductions of taxes or other withholdings for wages. Plaintiffs shall be solely responsible for payment of any and all taxes due on the settlement payment received, and shall indemnify and hold harmless Defendants from any and all tax liabilities that may accrue on the settlement payment. An IRS Form-1099 will be issued by Defendant for payment of this amount to "Cilenti & Cooper, PLLC, as attorneys."

  **B.**  **Default**

    In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: Michael K. Chong, Esq., Law Offices of Michael K. Chong, LLC, 2 Executive Drive, Suite 720, Fort Lee, New Jersey 07024, Facsimile (201) 708-6676, mkchong@mkclawgroup.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $20,000 with interest to commence as of that date at a rate of 9% per annum on the amount to be paid under this Agreement. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

### C.  Wage & Hour Release by Plaintiffs

In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants and any other compensation or wages.

### D.  Agreement To Refrain From Filing Claims

Plaintiffs represent that they have not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiffs also agree that, so long as the Defendants make full payment as set forth in this Agreement, they will not bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

E. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal and the Confessions of Judgment, to the Court for Judicial review and approval.

F. **Mutual Non-Disparagement**

1. Plaintiffs agree that they will not make any negative statement (oral, written or otherwise) about the Defendants, or otherwise disparage the Defendants, nor will they encourage others to do so.

2. Similarly, the Defendants agree not to make any statements, (oral, written or otherwise), or cause or encourage others to make any statements (oral, written or otherwise), that defame, disparage, demean, or in any way criticize the personal or business reputation of Plaintiffs. The parties acknowledge that this prohibition extends to statements (oral, written or otherwise), made to anyone, including but not limited to, the news media, investors, potential investors, competitors, vendors, employees (past, present or future), employers (past, present or future), and clients.

G. **Response to Subpoena**

Plaintiffs agree that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, their prior employment with

5

Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

**H.     No Entry By Plaintiffs**

Plaintiffs hereby covenant and agree not to enter the Defendant's establishment and/or premises under any circumstances. Plaintiffs further covenant and agree not to contact the Defendant's employees at the Company's establishment and/or premises, unless Plaintiffs first receive the prior written consent of the Defendants' corporate principal.

**I.     No Future Employment**

It is agreed that the employee-employer relationship between Plaintiffs and the Defendants ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs have or may have had against Defendants. It is further understood should Plaintiffs again apply to work for Defendants, in any capacity, the Defendants, based on this clause, may deny each Plaintiff employment for any position that he seeks, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that each Plaintiff will not seek employment with Defendants after the execution of this Agreement.

**J.     Acknowledgment**

Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements,

representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

**K.    Notices**

Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, e mail transmission and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Justin Cilenti, Esq.
Cilenti & Cooper, PLLC
708 Third Avenue, 6th Floor
New York, NY 10017
(212) 209-3933 (phone)
(212) 209-7102 (fax)
E Mail: jcilenti@jcplaw.com

To Defendants:

Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Ste. 720
Fort Lee, NJ 07024
201-708-6675 (phone)
201-708-6676 (fax)
E Mail: mkc@mkclawfgroup.com

**L.    Representations and Acknowledgements**

1.    Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Defendants. Plaintiffs further represents that:

(a) They have reviewed each and every provision of this Agreement;

(b) The Agreement has been explained to them by their attorneys;

7

        (c) That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,

        (d) They do in fact fully understand this Agreement, including the release of claims.

2.    Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3.    Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

## M.   Non-Admissions

1.    Plaintiffs agree that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.    Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of:

(a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### N. **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter.

### O. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### P. **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

    3.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

    4.    This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

**Q.**     **Counterparts**

To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Leonel Calderon

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

On the 18th day of June 2018, before me personally came Leonel Calderon to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 18th
day of June 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

By: _Edgar Ladino_
      Edgar Ladino

STATE OF NEW YORK  )
                           )ss.:
COUNTY OF NEW YORK  )

On the 12th day of June 2018, before me personally came Edgar Ladino to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 12th
day of June 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

By: _____
　　　Valentin Melendez

STATE OF NEW YORK    )
　　　　　　　　　　　)ss.:
COUNTY OF NEW YORK )

On the 26th day of June 2018, before me personally came Valentin Melendez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of June 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

13

By: _____
Cheon Park

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 18 day of June 2018, before me personally came Cheon Park to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 18
day of June 2018

_____
Notary Public

TAMANNA ZAMAN
Notary Public - State of New York
No. 01ZA6321358
Qualified in Bronx County
My Commission Expires Mar 16, 2019

By: _____
Hyun Ham

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 18 day of June 2018, before me personally came Hyun Ham to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this 18
day of June 2018

_____
Notary Public

ROBIN FUNK
Notary Public - State of New York
NO. 01FU6184229
Qualified in New York County
My Commission Expires Jun 13, 2020

14

CJS Wholesalers Inc.

By: _____Hyun Ham_____

_____President_____
[Print Name and Title]