UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

------------------------------------X

LEONEL CALDERON, et al.,        :

              Plaintiffs,   :   17 Civ. 6154 (HBP)

  -against-             :   OPINION
                                 AND ORDER
CJS WHOLESALERS, et al.,    :

              Defendants.  :

------------------------------------X

         PITMAN, United States Magistrate Judge:

         This matter is before me on the parties' joint application to approve their settlement (Letter from Justin Cilenti, Esq. to the undersigned, dated Dec. 6, 2018 (Docket Item ("D.I.") 23 ("Cilenti Dec. Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

         Plaintiffs Leonel Calderon, Valentin Melendez and Edgar Ladino allege that they were employed at various times as drivers and delivery workers for CJS Wholesalers, which was owned and operated by defendants (Complaint, dated Aug. 15, 2017 (D.I. 1) ("Compl.") ¶¶ 18-20). Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay them minimum wage, overtime premium pay and spread-of-hours pay throughout their employment (Compl. ¶ 2).

Defendants deny plaintiffs' claims and dispute the number of hours claimed by each plaintiff (Letter from Justin Cilenti, Esq. to the undersigned, dated July 24, 2018 (D.I. 19 ("Cilenti July Letter") at 3-4). Defendants further maintain that they have records that show the number of hours plaintiffs worked and the wages they were paid (Cilenti July Letter at 3-4).

The parties agreed to the material terms of a settlement at a mediation session held on February 15, 2018. The parties submitted their proposed settlement agreement for judicial approval on July 24, 2018 (Settlement Agreement, annexed to Cilenti July Letter as Ex. 1 (D.I. 19-1)). However, I was unable to approve the settlement at that time because the parties failed to specify (1) each plaintiff's share of the $60,000 total settlement amount and (2) the amount of each plaintiff's claimed damages (Order, dated Nov. 16, 2018 (D.I. 22)).

On December 6, 2018, the parties submitted the proposed settlement agreement currently before me, claiming to have revised it in accordance with my earlier Order (Revised Settlement Agreement, annexed to Cilenti Dec. Letter as Ex. 1 (D.I. 23-1) ("Settlement Agreement")). Under the Settlement Agreement, defendants agree to pay a total amount of $60,000 -- $15,391.44 to be paid to plaintiff Calderon, $12,436.12 to be paid to plaintiff Melendez, $11,841 to be paid to plaintiff Ladino and $20,331.35 to be paid to plaintiffs' counsel as

attorneys' fees and costs (Settlement Agreement at 2). This
$60,000 is to be paid in sixteen monthly installments of $3,750
starting ten days after the Court's approval of the Settlement
Agreement (Settlement Agreement at 2).

Plaintiffs' counsel also revised his letter to include
each plaintiff's claimed damages (Cilenti Dec. Letter at 1).
Thus, based on the amount claimed by each plaintiff,[1] each
plaintiff's equitable pro rata share of the total damages claimed
and the share each plaintiff will receive under the Settlement
Agreement are as follows:

| Plaintiff | Amount Claimed | Pro Rata Share | Percentage Received Under the Settlement |
|---|---|---|---|
| Leonel Calderon | $26,000 | 39% | 39% |
| Valentin Melendez | $21,000 | 31% | 31% |
| Edgar Ladino | $20,000 | 30% | 30% |
| **Total** | **$67,000** | | |

Because each plaintiff receives his equitable pro rata
share from the $39,668.65 net settlement amount, the Settlement
Agreement distribution clearly "bear[s] a rational relationship
to the amount claimed by each plaintiff." Flores v. Hill Country
Chicken, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *1

---

[1]The amount claimed by each plaintiff includes unpaid wages,
exclusive of liquidated damages (Cilenti Dec. Letter at 1).

3

(S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.).

However, I am still unable to approve the Settlement
Agreement because it contains several impermissible provisions
including (1) an improper and overly broad non-disparagement
clause; (2) an agreement by plaintiffs to not contact any of
defendants' employees at defendants' establishment; (3) an
agreement by plaintiffs never to seek re-employment with
defendants and (4) an agreement by plaintiffs to never enter
defendants' establishment again (Settlement Agreement at 5-6).
These provisions are among the "greatest hits of various
provisions that have been struck down or questioned by various
courts within this Circuit" because they run directly afoul of
the remedial purposes of the FLSA. Nieto v. Izzo Constr. Corp.,
15 Civ. 6958 (RML), 2018 WL 2227989 at *2 (E.D.N.Y. May 14, 2018)
(internal quotations marks and citations omitted); see also Ortiz
v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y.
2017) (Pitman, M.J.); Olano v. Designs by RJR, 17 Civ. 5703
(WHP), 2017 WL 4460771 at *3 (S.D.N.Y. Oct. 6, 2017) (Pauley,
D.J.).

Courts in this Circuit have held that while "not all
non-disparagement clauses are per se objectionable, if the
provision would bar plaintiffs from making any negative statement
about the defendants, it must include a carve-out for truthful
statements about plaintiffs' experience litigating their case

4

[because] [o]therwise, such a provision contravenes the remedial purpose of the [FLSA] and . . . is not fair and reasonable." Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *1-*2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.); accord Howard v. Don Coleman Advertising Agency Inc., 16 Civ. 5060 (JLC), 2017 WL 773695 at *2 (S.D.N.Y. Feb. 28, 2017) (Cott, M.J.) (striking down a mutual non-disparagement clause that did not contain a carve-out provision). Because the Settlement Agreement's non-disparagement clause states "[p]laintiffs agree that they will not make any negative statement . . . about [d]efendants, or otherwise disparage [d]efendants, nor will they encourage others to do so" without this required carve-out provision, this clause is impermissible (Settlement Agreement at 5).

Similarly, plaintiffs' agreement "not to contact [d]efendants' employees at the Company's establishment" also runs afoul of the remedial purposes of the FLSA because it essentially amounts to an impermissible confidentiality clause. See Howard v. Don Coleman Advertising Agency Inc., supra, 2017 WL 773695 at *1 ("wage-and-hour settlements cannot be confidential, in form or in substance"); Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *4 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.) ("[c]onfidentiality provisions in FLSA settlements are contrary to public policy").

Finally, it is well established that clauses barring

5

re-employment conflict with the FLSA's "primary remedial purpose:
to prevent abuses by unscrupulous employers, and remedy the
disparate bargaining power between employers and employees."
Cheeks v. Freeport Pancake House Inc., 79 F.3d 199, 207 (2d Cir.
2015); see also Ortiz v. My Belly's Playlist LLC, supra, 283 F.
Supp. 3d at 126 (striking down a similar provision barring
plaintiffs from ever working, or applying to work, for defendants
because it was in direct conflict with FLSA's remedial purpose);
Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL
1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.) (same).
Thus, the provision barring plaintiffs from "seek[ing] employment
with [d]efendants after the execution of [the Settlement
Agreement]", and from "enter[ing] the [d]efendants' establishment
and/or premises under any circumstances" are improper (Settlement
Agreement at 6).

Accordingly, within 30 days of this Order, the parties
are to submit a revised settlement agreement that corrects the
foregoing deficiencies.

Dated:    New York, New York
          January 23, 2019

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel