USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LEONEL CALDERON, et al.,            :

                Plaintiffs,   :   17 Civ. 6154 (HBP)

  -against-                        :   OPINION
                                          AND ORDER
CJS WHOLESALERS, et al.,            :

                Defendants.   :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Letter from Justin Cilenti, Esq. to the undersigned, dated Feb. 15, 2019 (Docket Item ("D.I.") 25 ("Cilenti Feb. Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiffs Leonel Calderon, Valentin Melendez and Edgar Ladino allege that they were employed at various times as drivers and delivery workers for CJS Wholesalers, which was owned and operated by the individual defendants (Complaint, dated Aug. 15, 2017 (D.I. 1) ("Compl.") ¶¶ 18-20). Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay them minimum wage, overtime premium pay

and spread-of-hours pay throughout their employment and failed to provide wage notices and wage statements (Compl. ¶ 2).

Defendants deny plaintiffs' claims and dispute the number of hours claimed by each plaintiff (Letter from Justin Cilenti, Esq. to the undersigned, dated July 24, 2018 (D.I. 19 ("Cilenti July Letter") at 3-4). Defendants further maintain that they have records that show the number of hours plaintiffs worked and the wages they were paid (Cilenti July Letter at 3-4).

Because I did not preside over a settlement conference in this case, my knowledge of the underlying facts and the justification for the settlement is limited to plaintiff's counsel's representations in the letters submitted in support of the settlement.

The parties agreed to the material terms of a settlement at a mediation session held on February 15, 2018. The parties submitted their proposed settlement agreement for judicial approval on July 24, 2018 (Settlement Agreement, annexed to Cilenti July Letter as Ex. 1 (D.I. 19-1)). However, I was unable to approve the settlement at that time because the parties failed to specify (1) each plaintiff's share of the $60,000.00 total settlement amount and (2) the amount of each plaintiff's claimed damages (Order, dated Nov. 16, 2018 (D.I. 22)).

On December 6, 2018, the parties submitted a second proposed settlement agreement, claiming to have revised it in accordance with my earlier Order (First Revised Settlement Agreement and Release of Wage and Hour Claims, annexed to Letter from Justin Cilenti, Esq. to the undersigned, dated Dec. 6, 2018 (D.I. 23-1)). However, again I was unable to approve the settlement because the proposed settlement agreement contained several impermissible provisions (Opinion & Order, dated Jan. 23, 2019 (D.I. 24)).

The parties have submitted a third proposed settlement agreement that omits the impermissible provisions that were in the previous version of the settlement agreement (First Revised Settlement Agreement and Release of Wage and Hour Claims, annexed to Cilenti Feb. Letter (D.I. 25-1) ("Settlement Agreement"). Under the Settlement Agreement, defendants agree to pay a total of $60,000.00 -- $15,391.44 to be paid to plaintiff Calderon, $12,436.12 to be paid to plaintiff Melendez, $11,841.00 to be paid to plaintiff Ladino and $20,331.35 to be paid to plaintiffs' counsel as attorneys' fees and costs (Settlement Agreement ¶¶ A.1., A.2.). This $60,000.00 is to be paid in sixteen monthly installments of $3,750.00 starting ten days after the Court's approval of the Settlement Agreement (Settlement Agreement ¶ A.1.). Based on the amount claimed by each plaintiff, each

plaintiff's equitable pro rata share of the total damages claimed and the share each plaintiff will receive under the Settlement Agreement are as follows:

| Plaintiff | Amount Claimed | Pro Rata Share | Percentage Received Under the Settlement |
|---|---|---|---|
| Leonel Calderon | $62,000.00 | 38% | 39% |
| Valentin Melendez | $52,000.00 | 32% | 31% |
| Edgar Ladino | $50,000.00 | 30% | 30% |
| **Total** | **$164,000.00** | | |

> Court approval of an FLSA settlement is appropriate
>> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp.

4

2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiffs' net settlement -- $39,668.65 after the deduction of attorneys' fees and costs -- represents more than 24% of their total alleged damages and more than 59% of their claimed unpaid wages. This percentage is reasonable, especially given the potential obstacles to plaintiffs' recovery. See Gervacio v. ARJ Laundry Servs. Inc., 17 Civ. 9632 (AJN), 2019 WL 330631 at *1 (S.D.N.Y. Jan. 25, 2019) (Nathan, D.J.) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE),

2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable); Beckert v. Ronirubinov, 15 Civ. 1951 (PAE), 2015 WL 8773460 at *2 (S.D.N.Y. Dec. 14, 2015) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Because the action settled prior to the start of formal discovery, the parties will be able to avoid the protracted burden and expense of exchanging document requests and taking depositions.

Third, the settlement will enable the parties to avoid the risk of litigation. As noted above, there is a significant dispute over the number of hours worked by plaintiffs. Given this factual dispute, both parties avoid the risk associated with its resolution through further litigation.

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel. There is no evidence to the contrary.

Fifth, there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations and a mediated session between the parties' attorneys.

6

Because each plaintiff will receive almost the exact amount of his equitable pro rata share of the $39,668.65 net settlement amount, the Settlement Agreement distribution "bear[s] a rational relationship to the amount claimed by each plaintiff." Flores v. Hill Country Chicken, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *1 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.).

Plaintiff also agrees to a release of defendants limited to wage-and-hour claims (Settlement Agreement ¶ C). I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the settlement provides that $500.00 will be paid to plaintiff's counsel for out-of-pocket costs and

$19,831.35 will be paid to plaintiff's counsel as a contingency fee (Cilenti July Letter at 5). Plaintiff's counsel's request for $500.00 in filing fees and service of process is reasonable, and I approve it. See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 CV 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation), adopted at, 2014 WL 883893 (E.D.N.Y. Mar. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920.

I also find plaintiff's counsel's request for $19,831.35 -- one-third of the total settlement after the deduction of approved costs -- to be a reasonable and appropriate contingency fee. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1

(E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Thus, plaintiff's counsel is awarded $19,831.35 as a contingency fee and $500.00 in out-of-pocket costs, for a total of $20,331.35.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
March 28, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

9